IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FOR PUBLICATION

Filed:   July 6, 1998

IN RE:      GUY S. DAVIS            )        No. 01S01-9801-BP-00006
                                    )
                                    )  Board of Professional Responsibility

**FILED**

**July 6, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

**For Guy S. Davis**                       **For Board of Professional**
Guy S. Davis, *Pro Se*                      **Responsibility**
P. O. Box 742                               Sandy Garrett
Dyersburg, Tennessee  38025                 Disciplinary Counsel
                                            Nashville, Tennessee

# O P I N I O N

HELD IN CONTEMPT                              ANDERSON, C.J.

This matter is before the Court to determine whether the respondent, Guy S. Davis, should be held in contempt for practicing law after the entry of a thirty-day temporary suspension.

After consideration of the record and the arguments of the parties, we conclude that Davis willfully and knowingly violated the order of temporary suspension on one occasion. We therefore hold Davis in contempt and impose a sentence of confinement for one day, suspended on the condition that he fully comply with the rules and orders of this Court.

## BACKGROUND

In October of 1996, Guy S. Davis, a practicing attorney, entered a conditional guilty plea to two acts of disciplinary misconduct[1] in exchange for a private reprimand from the Board of Professional Responsibility. The private reprimand contained several conditions:

1. That Davis receive an evaluation at Charter Lakeside, comply with treatment and aftercare programs recommended by the treatment center, and provide a copy of the treatment center's report and treatment plan to the BPR.

2. That Davis enter a contract with Lawyers Concerned for Lawyers or Lawyers Helping Lawyers for 18 months, with the contract to provide for reports to the BPR and at least 12 drug tests.

3. That Davis have a monitor with Lawyers Concerned for Lawyers who shall make quarterly reports to the BPR.

The private reprimand stated that a thirty-day temporary suspension would be sought if Davis violated any of the conditions.

---

[1] The incidents both involved physical altercations, one of which resulted in Davis's conviction for simple assault.

In April of 1997, the Board of Professional Responsibility, after determining that Davis had violated these conditions, revoked the private reprimand and requested this Court to enforce the thirty day suspension. This Court entered an order on January 16, 1998, which stated that "the respondent's conditional guilty plea shall be enforced and the Respondent shall receive a thirty (30) day suspension."

Shortly after the entry of the order of temporary suspension, Disciplinary Counsel learned that Davis represented clients in court in criminal cases on January 16, 20, 23, and 26. When notified of these allegations, Davis responded in writing that he did not receive a copy of the suspension order until January 23, 1998. When he was unable to reach disciplinary counsel by telephone that morning to ask about the effective date of the suspension, he made a court appearance that afternoon. At approximately 4:00 p.m., Davis again called disciplinary counsel and this time was informed the effective date of the suspension was January 16, 1998.

Davis's response to the Board conceded that he made an additional appearance in the Lake County Circuit Court on January 26, 1998, despite the fact he had learned from disciplinary counsel that his license had been temporarily suspended. Davis's written response explained:

> there was no time to advise my clients nor arrange for either of my two assistants to cover the court as both were already scheduled to appear in other courts. I took the chance I felt I needed to take, appeared and practiced. Lake County Circuit court meets very infrequently. A continuance and re-assignment of the cases would have, in my opinion, caused my clients and the court more problems than the problems I would have if my appearance was questioned. I did not practice after the morning of the 26th until the suspension had passed.

Based on the foregoing events and Davis's admission, the Board filed a petition asking that Davis be held in contempt for violating the temporary suspension order.

On May 18, 1998, we entered an order requiring Davis to appear before this Court and show cause why he should not be held in contempt. Davis's response was essentially the same as contained in his letter to disciplinary counsel: that he had not received a copy of the suspension order prior to appearing in court on January 16 and 20, 1998; that he was uncertain as to the effective date of the suspension prior to appearing in court on January 23, 1998; and that he knowingly violated the suspension order by appearing in court on January 26, 1998, for the reasons set forth in his letter.

After reviewing the record and responses of the parties, we conclude that the court appearances prior to Davis's receipt of the suspension order and knowledge as to its effective date, do not establish knowing and willful violations of the suspension order so as to amount to contemptuous conduct. In contrast, Davis's admissions indicate that his court appearance on January 26, 1998, constituted a knowing and willful violation of the order of temporary suspension and, therefore, warrant a finding of contempt. Tenn. Code Ann. § 29-9-102(3)(1980 & Supp. 1997).

Although not providing a defense for this conduct, we are mindful of and take into consideration the candor displayed by Mr. Davis both with disciplinary counsel and this Court in making these admissions and in explaining the reasons for his violation of the suspension order on January 26, 1998. Having held Guy S. Davis in contempt of this Court, we therefore sentence him to one day of imprisonment, suspended upon the condition that he fully complies with the rules and orders of this Court.

Cost of this proceeding are taxed to Guy S. Davis, for which execution may issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

-4-

**CONCUR:**
Drowota, Birch, Holder and Barker, JJ.